*779 opinion.
StekNI-iageN :
The Commissioner disallowed a deduction in each year of the excess over the $5,000 exclusion, holding that the Otto Co. *780 was not within the description of section 505 (a) (2) (B), Eevenue Act of 1932:
In computing net gifts for any calendar year there shall he allowed as deductions:
(a) Residents.- — In the case of a citizen or resident—
[[Image here]]
(2) Chabitabus, etc., gifts. — The amount of all gifts made during such year to or for the use of—
[[Image here]]
(B) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual.
The argument is that because to some extent the corporation used its funds to help petitioner’s relatives it must be regarded as outside the statutory category, citing Henry G. DuBois, 31 B. T. A. 239. That case held the corporation to be only a means for enabling its sole shareholder to deduct contributions to relatives which were not deductible if the contributions were made by him directly.
In our opinion the evidence in this case, which seems to be quite complete, shows that the corporation was consistently devoted entirely to making charitable donations. The help that was given to petitioner’s relatives was in small amounts and only because they were ill or destitute and not because they were related to petitioner. This does not appear in the DuBois case. The contributions were no less prompted by a charitable purpose than were those to the numerous other donees. Certainly, as shown by its charter and by the petitioner’s testimony, which was entirely credible, the purpose of its formation was entirely charitable, and we find nothing in the evidence of its activities to indicate that its operations were not exclusively so. It does not appear to have been organized primarily as a device for providing tax deductions, but altruistically as an instrument of charity, with no ulterior design. There is no reason to deny its charitable character under the statute because the principal organizer and financial backer is also the principal controller of its benefactions. See Havemeyer v. Commissioner, 98 Fed. (2d) 706. Of course the evidence must be reasonably convincing of the charitable purpose and operation of the corporation; but, that being-established, the gift tax deductions of contributions to it are as available to its sole or controlling organizer and sponsor as to others. In the DuBois case the evidence was held to indicate the purpose to provide petitioner with a tax deduction and thus the finding of the statutory condition of exclusive operation for charitable pur *781 poses could not be made. Here we tbink the evidence compels the finding.
James Sprunt Benevolent Trust, 20 B. T. A. 19, was a case where the purpose of the trust seeking exemption was found from the instrument and the testimony to be private beneficence to the founder’s blood relatives and not charity.
In our opinion, the contributions made by petitioner in the taxable years to the Otto Co. were deductions and their disallowance as such was error.

Decision will be entered for the petitioner.